UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEMEKA IBRAHIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:16-cv-0490 |
| | )   Judge Campbell |
| W. ALAN ROSE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

Plaintiff Shemeka Ibrahim, a resident of Antioch,Tennessee, brings this *pro se, in forma pauperis* action against attorneys and law firms W. Alan Rose, Wendy Lynn Longmore, Jay N. Chamness, Jason K. Murrie, Darrell E. Baker, Deborah Whitte, Heather Cubine, Phillip North, Renee Levay Stewart, North Pursell & Ramos PLC, Cornelius & Collins, Baker & Whitt PPLC, Mark Hammervold, Gideon, Cooper & Essary PLC, Jane Doe, and John Doe 1 and John Doe 2. (Docket No. 1). The plaintiff seeks compensatory, punitive, and treble damages for the defendants' alleged "misleading the facts and fraud upon the court." (*Id*. at p. 8).

**I.  Request to Seal the Complaint**

First, the plaintiff asks the court to place her complaint under seal. (Docket No. 1 at p. 1). The court is authorized to order that filings be made under seal or to limit or prohibit nonparty access to filings. Fed. R. Civ. P. 5.2(d) and (e). "[T]rial courts have always been afforded the power to seal
their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). However, this authority is in derogation

1

of the "long-established legal tradition" of public access to court documents. *Brown & Williamson Tobacco Corporation v. Federal Trade Commission*, 710 F.2d 1165, 1177 (6th Cir. 1983). Accordingly, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville NewsSentinel*, 723 F.2d at 476.

Here, the paintiff does not present any justification for the drastic step of sealing court records, and no such justification is immediately obvious from a review of the complaint. Sealing court records is warranted on a showing of the likelihood of "substantial personal or financial harm," but a party's own embarrassment is not sufficient grounds for sealing her court submissions. *Cristini v. City of Warren*, No. 07-11141, 2011 WL 5304566, at *2 (E.D. Mich. Nov. 3, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). The plaintiff's request to seal her complaint therefore will be denied.

## II.     Required Screening of the Complaint

Because the plaintiff is proceeding as a pauper in this action, the court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into

advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## III. Analysis

The plaintiff's complaint is difficult to understand. As an example, the complaint alleges:

> The betrayal of our state leaders had use the television program such as: CBS, NBC, and ABC news to brain washing their citizen to vote for them in order to protect their citizen. However, the betrayal goes much deeper than this. The government has made us love them for more than forty-years by allowing us to go into their nonprofit public school which is a charter of the Christianity church and the government are trying to keep us from having our children go to their republic school system to learn their history. The plaintiff states that when the ceiling hits the fan and the plaintiff learn of some of the government true identity, they are investing with the rich and keeping the plaintiff poor. Next, the government would guarantee a win for using judges they gave money too for the political run for judicial office. Then the same government defendant want to pass laws to protect them from fraud against the United States of America, and it citizen.

(Docket No. 1 at p. 5). As best the court understands, the complaint alleges that a number of attorneys in private practice acted in concert with one another and/or with local, state, and Federal government actors (including unnamed local and Federal judges and politicians) to deprive the plaintiff of information she seeks about her health care and about the individual defendants' investments and business dealings. The plaintiff believes that these individuals and others are benefitting from their investments to the plaintiff's detriment and somehow defrauding the plaintiff and American citizens.

The complaint references an "incident" but never clearly explains what happened or who was involved the alleged incident. The complaint alleges that the defendants "destroy[ed] medical documents so that the plaintiff would not have any idea of when certain things took place . . . ."

4

(Docket No. 1 at p. 4), but the complaint fails to identify what information the plaintiff seeks and why. Without any additional elaboration, the complaint alleges:

> The plaintiff were prejudice because the defendant tenants from Metropolitan Housing Authority tenants assistance, and arrange to attempted to kill my son, and their investment which are their tenants Mrs. Shields, and her family amongst friends are stalking the plaintiff since October 22, 2015, to assassinate my son. For the record, now the case went from attempted murder now to solicit to assassinate my son.

(*Id.* at p. 7). Neither the Metropolitan Housing Authority, its tenants, nor a Mrs. Shields are named as defendants in the complaint.

The complaint lists a number of "Federal Question[s]" posed by the plaintiff. (*Id.* at pp. 7-8). The complaint concludes with the plaintiff's assertion that "[t]he defendants' family in both the state and federal level withheld, destroy, alter, documents because they are the government and they are part of the secret Super Pac Campaigned Donors." (*Id.* at p. 8).

While the complaint does not designate the jurisdictional basis or the particular statutes under which the plaintiff is seeking relief, the only claim labeled as such in the complaint is fraud. (*Id.* at p. 6)("Count One Fraud"). "Because claims based on fraud pose a high risk of abusive litigation," a plaintiff must provide more than notice; plaintiff "must state with particularity the circumstances constituting the fraud or mistake." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). The court does not find in the complaint sufficient explanation for what specific practices were fraudulent and why. While the complaint is replete with sweeping allegations of fraudulent and conspiratorial conduct by named and unnamed defendants, these allegations are speculative and conclusory and lack the particularity necessary for the plaintiff to proceed on a theory of fraud. As such, the court must dismiss Count One of the complaint as to all defendants.

Further, to the extent that the complaint petitions the court to initiate federal criminal prosecutions of any defendant, the complaint fails to state claims upon which relief can be granted. "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010)(quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this court is without jurisdiction to initiate any investigations of alleged criminal activity.

Despite the complaint's repeated assertions that the defendant attorneys engaged in private practice "were government employee[s] and that he or she was employed and on company time . . . and are an agent, servant, partner and business investment of said government," (Docket No. 1 at pp. 1-3), the complaint does not allege facts supporting the plaintiff's theory that each defendant attorney or law firm was acting on behalf of, or at the direction of, a governmental entity. Moreover, to the extent that the complaint alleged claims pursuant to 42 U.S.C. § 1983, courts have uniformly held that an attorney, whether appointed or retained, whether in state or federal court, is not acting under color of law. *See James v. Mann,* 234 F.3d 1268 (6th Cir. 2000)(citing *Catz v. Chalker,* 142 F.3d 279, 189 (6th Cir.1998) (concluding that a retained attorney is not a person acting under color of state law and is not subject to § 1983 suit)); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir.1968)(finding that a private attorney does not act under color of state law despite the fact he has been appointed by the court); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984) (finding that an attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under

§ 1983.").

The remainder of the complaint is implausible or incomprehensible. Therefore, the court finds that the complaint is frivolous and/or fails to state a claim upon which relief can be granted.

**IV.     Conclusion**

In conclusion, the plaintiff's request to seal the complaint will be be denied. The complaint will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge